# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR WAMU
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-AR11,
Appellant,
vs.
DAISY TRUST,
Respondent.

No. 75440

FILED

MAR 28 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in a quiet title action.[1] Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Having considered the parties arguments and the record, we conclude that the district court properly granted summary judgment for respondent Daisy Trust. The undisputed facts in the record indicate that there was a superpriority portion of the HOA lien, which consisted of six months' worth of unpaid assessments that accrued immediately preceding institution of the action to enforce the lien. *See* 2011 Nev. Stat., ch. 389, § 49, at 2448-49; *see also SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 743, 334 P.3d 408, 409 (2014) (explaining that a superpriority lien consists of up to nine months of HOA dues). While a district court has the power to set aside an HOA foreclosure sale that includes a superpriority portion, it can do so only if there is both a grossly inadequate price and "'proof of some element of fraud, unfairness, or oppression as accounts for

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19·13772

and brings about the inadequacy of price.'" *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647 (2017) (quoting *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 995 (1963)).

In this case, the district court correctly held that the letters sent to the original holder of the first deed of trust, which erroneously stated that the HOA foreclosure sale would not extinguish the first deed of trust, did not constitute fraud, unfairness or oppression. There is no evidence in the record that the original holder of the deed of trust relied on these letters. Therefore, we are not persuaded that these letters, alone, constitutes a fraud or unfairness that *accounts for* the inadequacy of price. *See Nationstar Mortg.*, 133 Nev., Adv. Op. 91, 405 P.3d at 647. Accordingly, we find that the district court did not err in declining to set aside the foreclosure sale, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[2]We have considered the parties' remaining arguments and conclude they are without merit.

cc:    Hon. Joseph Hardy, Jr., District Judge
Smith Larsen & Wixom
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk